```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION
```

| | |
|---|---|
| TIFFANY CONWAY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 11 C 7257 |
| | ) |
| CHICAGO HOUSING AUTHORITY, et al., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

Tiffany Conway ("Conway"), Joshua Bardney ("Bardney") and Paris Miller ("Miller") have joined in a self-prepared Complaint against Chicago Housing Authority ("CHA") and a number of contractors in the building trades, charging employment discrimination under Title VII (each plaintiff is African-American), 42 U.S.C. §1981 ("Section 1981") and the Housing and Urban Development Act's §3 ("Section 3," 12 U.S.C. §1701u). According to the Complaint, each of the three suffered discriminatory adverse employment actions when working for a different subcontractor of codefendant Walsh Construction Company ("Walsh").

There is some question whether the three plaintiffs qualify for permissive joinder under Fed. R. Civ. P. ("Rule") 20(a)(1), but for the present it will be assumed arguendo that they may. This sua sponte memorandum order is triggered instead by some other threshold questions.

For one thing, there has been no payment of the $350 filing

fee, even though Conway alone has submitted an In Forma Pauperis Application ("Application"). Although Conway's Application would suffice for in forma pauperis treatment if this were solely her lawsuit, in the present posture of affairs the action cannot go forward now.[1]

Next, Bardney's Title VII claim appears to come too late, for Complaint ¶12 shows that he most likely received his right-to-sue letter more than 90 days before the lawsuit was tendered. And as for Miller, the Complaint is totally silent as to his invocation of Title VII's administrative procedures, so that he may not claim under that law at all.

There may well be other problems that might be raised by one or more of the named defendants if the action were to proceed, but this Court has sought only to address some obvious threshold issues. Accordingly no action will be taken at this time. But if the filing fee problem is not cured on or before October 27, 2011, this Court would be constrained to dismiss both the Complaint and this action.

_____
Milton I. Shadur
Senior United States District Judge

Date: October 17, 2011

---

[1] This memorandum order will not dismiss the Complaint and this action at this time, because even though such dismissal would nominally be without prejudice, the need to file a new lawsuit would render Conway's Title VII untimely because more than 90 days will have elapsed since Conway's receipt of EEOC's right-to-sue letter (see Complaint ¶11).

2