```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION
```

| | | |
|---|---|---|
| TIFFANY CONWAY, et al., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 11 C 7257 |
| | ) | |
| CHICAGO HOUSING AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM ORDER

This Court's memorandum orders of October 17 ("Order I") and October 28 ("Order II") addressed several aspects of this pro se action against Chicago Housing Authority ("CHA") and a number of contractors in the building trades, cutting the action back to pitting one of the three plaintiffs, Tiffany Conway ("Conway"), against general contractor Walsh Construction Company ("Walsh") and subcontractor Illinois Window & Glass, Inc. ("Illinois Window"). Now Conway and the other two original plaintiffs, Joshua Bardney ("Bardney") and Paris Miller ("Miller"), have filed a one-page motion that points out correctly that the original Complaint had advanced claims not only under Title VII but also under 42 U.S.C. § 1981 ("section 1981") and that neither Order I nor Order II had spoken to the continued viability of the latter claims.

True enough, but the fact that Bardney and Miller had each been employed by different subcontractors -- Morfin Construction General Carpentry Company, Inc. and Jerry and Sons Roofing and Remodeling Company -- and not by Illinois Window created problems

as to their potential joinder under Fed.R.Civ.P.20(a)(1). Moreover, even if such joinder were found appropriate, the different facts applicable to each of the three original plaintiffs would call for severance for trial. Both of those factors counsel strongly against this action's maintenance in its original multiple party format.

Because each of the three original plaintiffs appears to qualify for in forma pauperis treatment, no material hardship should be occasioned by requiring them to bring and pursue separate lawsuits. If they were to do so, the fact that the cases would be assigned at random to different judges' calendars would still permit an arrangement that is common in this District Court, under which a separate order could be entered in each case to minimize (or even to eliminate entirely) unnecessary duplication of discovery measures in the separate cases.

Accordingly the current motion is denied. This action will continue as one between Conway on the one hand and Walsh and Illinois Window on the other. In addition, it should be made clear that the earlier dismissal of Bardney and Miller as parties plaintiff was a dismissal without prejudice.

_____
Milton I. Shadur
Senior United States District Judge

Dated: November 9, 2011