```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                        EASTERN DIVISION

TIFFANY CONWAY,                 )
                                )
              Plaintiff,        )
                                )
    v.                          )    No.  11 C 7257
                                )
CHICAGO HOUSING AUTHORITY,      )
                                )
              Defendant.        )
```

MEMORANDUM OPINION AND ORDER

Chicago Housing Authority ("CHA") selected the previously-set August 8, 2012 hearing date in this action for the presentment of its Fed. R. Civ. P. ("Rule") 12(b)(1) and 12(b)(6) motion to dismiss the employment discrimination case brought against it, general contractor Walsh Construction Company ("Walsh") and Illinois Window and Glass, Inc. ("Illinois Window") by pro se African-American plaintiff Tiffany Conway ("Conway").[1] During the course of the hearing CHA's counsel referred to, and provided this Court with a copy of, the June 8, 2012 memorandum opinion and order entered by this Court's good friend and colleague Honorable John Darrah in what counsel accurately indicated was a mirror image (this Court's words, not counsel's) of this case, Miller v. CHA, et al., 11 C 8625.

That mirror-image characterization and its accuracy are no

---

[1] Illinois Window had been Conway's employer during the November-December 2009 time frame referred to in the Complaint. Although Conway said otherwise during the hearing, it appears unlikely that either Walsh or Illinois Window has been served with process in this case as yet.

accident. This case originated with a three-plaintiff pro se Complaint filed by Conway, Paris Miller (who became the plaintiff in Judge Darrah's case) and Joshua Bardney. This Court's brief October 28, 2011 memorandum order shrunk the Complaint by dismissing out the other two plaintiffs and their respective employers (who were subcontractors of Walsh other than Illinois Window).

Miller then proceeded to file a separate action (this Court's dismissal of him as a plaintiff in this case had been without prejudice). That new action made the selfsame allegations as the original Complaint here and was assigned at random to Judge Darrah's calendar.

In any event, this Court has now reviewed Judge Darrah's opinion and finds itself in respectful disagreement with one of its fundamental conclusions.[2] In part Judge Darrah has pointed to language in Miller's Complaint asking, as part of the relief sought, "to provide employment opportunities for himself and other low income residents to Alltgeld [sic] Gardens" (language

---

[2] It should be emphasized, however, that no conclusion is reached or suggested here as to Judge Darrah's thoughtful discussion and conclusion regarding any potential claim under the Housing and Urban Development Act of 1968 (12 U.S.C. §1701u) or, for that matter, regarding the ultimate viability or nonviability of the 42 U.S.C. §1981 ("Section 1981") claim advanced by each of Miller and Conway. One result of the August 8 hearing was an indication by Conway that she would likely seek the appointment of pro bono counsel to represent her, and if that takes place this Court would expect appointed counsel to respond to those facets of CHA's motion.

that finds an echo in this case's Complaint ¶21). On that score Judge Darrah is of course quite right to hold that nonlawyer Miller has no authority to appear as anyone else's legal representative, so that any such effort would have to be dismissed for lack of subject matter jurisdiction.

But when the Complaint's allegations are read with appropriate inferences favorable to the plaintiff (as Judge Darrah also correctly sets out to be the rule), it seems abundantly clear that this case must be perceived as only a one-party pro se action (there are no class-type references either in the case caption or in any of its allegations). Instead the fair reading of the complaint in each case is that the asserted treatment of other African-Americans is sought to be relied on as evidence of the defendants' race-discriminatory intent.

In that light this Court takes a less strict threshold view of the Complaint's compliance with the "plausibility" requirement mandated by the Twombly-Iqbal canon. It is true that the allegations of unequal treatment on racial grounds are stated in general terms in the Complaint (in this instance in Complaint ¶15), but this Court would treat that aspect as surviving as a pleading matter, subject of course to more demanding scrutiny when the subject has been explored through discovery.

As indicated earlier, CHA's motion has been entered and continued (as is also true of Conway's self-prepared "Plaintiff's

Motion for Clarification of the Record"). This Court will await Conway's anticipated motion for the appointment of counsel before determining the future course of proceedings on the pending motions.

                                                        _____
                                                       Milton I. Shadur
                                                       Senior United States District Judge

Date:  August 9, 2012